# IN THE SUPREME COURT OF TEXAS

═══════════
No. 14-0721
═══════════

USAA TEXAS LLOYDS COMPANY, PETITIONER,

v.

GAIL MENCHACA, RESPONDENT

═══════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRTEENTH DISTRICT OF TEXAS
═══════════════════════════════════════

CHIEF JUSTICE HECHT, concurring in the judgment.

I join Parts I, II, III-A, III-B, and III-C of JUSTICE BOYD's plurality opinion and Part III of JUSTICE GREEN's opinion, also a plurality. I join in the Court's judgment remanding the case to the trial court for a new trial, but for reasons different from those expressed in JUSTICE BOYD's opinion.

USAA and Menchaca have both argued, each consistently throughout, in the trial court, the court of appeals, and now this Court, that the jury answers in the verdict do not conflict. The Court unanimously disagrees. JUSTICE BOYD would hold that the trial court cannot render judgment on fatally conflicting jury answers, and I agree. The trial court erred in rendering judgment for Menchaca. But JUSTICE BOYD would also hold that the error is not reversible unless the appellant objected in the trial court. Since USAA was the appellant and did not object in the trial court, JUSTICE BOYD concludes that it is not entitled to reversal. But USAA could not object, consistent with its position that the jury answers do not conflict. Menchaca took the same position, and had the

trial court picked USAA to win, she, too, could not complain on appeal because she, like USAA, could not have objected. Thus, in JUSTICE BOYD's view, if neither side thinks jury answers conflict, and an appellate court later disagrees, the party for whom the trial court erroneously rendered judgment wins. I disagree that an objection was necessary in this situation for the reasons given by JUSTICE GREEN in Part III of his dissent. In my view, because USAA and Menchaca each insists on rendition of a favorable judgment, and judgment cannot be rendered for either based on the conflicting answers in the jury verdict, the case must be retried. I do not agree with JUSTICE BOYD that the parties' confusion about the law requires a retrial in the interest of justice. Rather, a retrial is the only way to correct the trial court's error given the parties' erroneous positions.

JUSTICE GREEN would render judgment for USAA because Menchaca, as plaintiff, had the burden of obtaining findings to support a judgment in her favor and failed to do so. I disagree. Menchaca obtained the findings she needed. The jury's answers to Questions 2 and 3—that USAA underpaid her $11,350 in policy benefits because it did not reasonably investigate her claim— supported a judgment in her favor. But the jury's answers to those questions conflicted with its answer to Question 1. The answers to Questions 2 and 3 establish that USAA failed to comply with its policy, yet the jury refused to make that finding in answer to Question 1. Menchaca cannot prevail because the jury answers were conflicting, not because they were insufficient.

Accordingly, I join in the Court's judgment remanding the case to the trial court for further proceedings.

 

 

_____
Nathan L. Hecht
Chief Justice

Opinion delivered: April 13, 2018